**LEWIS BRISBOIS BISGAARD & SMITH LLP**
HEIDI S. INMAN, SB# 228079
  E-Mail: Heidi.Inman@lewisbrisbois.com
MICHAEL P. FULLAM, SB# 280057
  E-Mail: Michael.Fullam@lewisbrisbois.com
701 B Street, Suite 1900
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

Attorneys for CHIPMAN RELOCATION
AND LOGISTICS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BIOTECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPMAN LOGISTICS AND RELOCATION; TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS; AIRWAYS FREIGHT CORPORATION; and DOES 1-20,<br><br>Defendants. | CASE NO. **'17 CV 1292 AJB WVG**<br><br>**DEFENDANT CHIPMAN RELOCATION AND LOGISTICS' NOTICE OF REMOVAL BASED ON FEDERAL QUESTION**<br><br>**[28 U.S.C. §§ 1331, 1441, 1446]**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:    None Set |

TO:   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO THE PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant CHIPMAN RELOCATION AND LOGISTICS files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, asserting original federal jurisdiction under 28 U.S.C. § 1331, to the effect the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California in and for the County of San Diego.  The Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 for the following reasons:

## BACKGROUND

1. On or about May 19, 2017, Plaintiff SONY BIOTECHNOLOGY, INC. (hereinafter "Plaintiff") filed a Complaint (hereinafter "Complaint") against Defendant CHIPMAN RELOCATION AND LOGISTICS (hereinafter "Chipman"), Defendant TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS (hereinafter "S&M"), and Defendant AIRWAYS FREIGHT CORPORATION (hereinafter "Airways") in the Superior Court of the State of California, County of San Diego, Case No. 37-2017-00018312-CU-PO-CTL.

2. The Complaint alleges (a) Carmack Liability, as to all Defendants; (b) Breach of Contract of Carriage, as to Defendants S&M and Airways only; (c) Bailment, as to all Defendants; (d) Negligence, as to all Defendants; and (e) Unlawful Brokerage [49 U.S.C. 14916(c)(2)], as to S&M only. Copies of all pleadings and papers filed in the Superior Court of San Diego County, California of which Chipman is aware are attached hereto as Exhibits A through K.

3. The Complaint seeks (a) payment of $125,716.00 by Defendants, or some other amount to be proven at trial; (b) prejudgment interest; and (c) costs of suit. (Exhibit A, p. 5, ¶24.)

## GROUNDS FOR REMOVAL

4. This action is removable under 28 U.S.C. § 1441(a)-(b), which provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As explained below, the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the allegations and causes of action contained in the Complaint arise under the law of the United States, namely 49 U.S.C. § 14706 (the "Carmack Amendment"), and 28 U.S.C. § 1445(b) (removal proper where Carmack Amendment claim exceeds $10,000.00 in controversy).

5. Defendant S&M consents to this removal.

6. Defendant Airways has not yet made an appearance in this matter.

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## CARMACK LIABILITY

7. Plaintiff's Complaint constitutes a civil action brought under 49 U.S.C. § 14706 because: (a) Plaintiff alleges Defendants, as motor carriers, provided interstate transportation services for the Cargo from Seattle, Washington to San Diego, California (Exhibit A, p. 2, ¶ 4, p. 3, ¶ 6-8); (b) actual loss or injury allegedly occurred to the Cargo (Exhibit A, p. 2, ¶5); and (c) Defendants allegedly caused the loss or injury (Exhibit A, p. 2, ¶5, p. 3, ¶ 6-8). Lastly, Plaintiff seeks damages in the amount of $125,716.00, which exceeds the sum of $10,000.00, exclusive of interest and costs. (Exhibit A, p. 2, ¶5).

8. The Carmack Amendment, 49 U.S.C. § 14706, completely preempts Plaintiff's common law claims:

> Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damage to goods arising from the interstate transportation of those goods by a common carrier. Accordingly, we hold that the complete preemption doctrine applies. Because the Carmack Amendment provides the exclusive cause of action for such claims, we find that [plaintiff's] claims "only arise[] under federal law and could, therefore, be removed under § 1441."

*Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003); *see also Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987) ("[We] hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act . . . ."); *William Wrigley, Jr. Co. v. Stanley Transp., Inc.*, 1999 U.S. Dist. LEXIS 12242, at *2 (N.D. Ill. 1999) ("The Carmack Amendment preempts all state and common law remedies inconsistent with the Act.").

## AMOUNT IN CONTROVERSY

9. Removal of the above-entitled action to this Court is permissible under 28 U.S.C. §§ 1441 and 1445(b) in that it is a civil action to recover damages for the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

alleged delay, loss or injury of shipments arising under the Interstate Commerce Act, wherein the amount in controversy exceeds the sum of $10,000.00, exclusive of interest and costs.

10. It is facially apparent from the Complaint that the alleged amount in controversy in this case more likely than not exceeds $10,000.00, based on the fact that the Complaint seeks damages in the amount of $125,716.00. (Exhibit A, p. 5, ¶24.)

11. Taking into consideration the value of Plaintiff's alleged damages, exclusive of interest and costs, Chipman respectfully submits that the amount in controversy more likely than not exceeds $10,000.00.

## TIMELINESS OF REMOVAL

12. The Complaint was served on Chipman on May 23, 2017. A copy of the Proof of Service is attached hereto as Exhibit I. Under California Code of Civil Procedure § 415.10, service is deemed complete at the time of such delivery. This Notice of Removal is therefore timely because it is filed within thirty (30) days of the date of service on Chipman of a copy of the Complaint. 28 U.S.C. § 1446(b).

13. Chipman voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and defenses to Plaintiff's Complaint. Thus, this Notice of Removal is filed subject to and with reservation of rights by Chipman including, but not limited to, defenses and objections to venue, improper service of process, personal jurisdiction, and any other defenses Plaintiff might pursue. A response pleading or motion will be filed in accordance with Fed. R. Civ. P. 81.

## VENUE IS PROPER

14. Venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 1441(a), 1391(a), and 84(c) because the state court action was filed in this District and Division.

## NOTICE OF REMOVAL

15. This Notice of Removal will be promptly served on Plaintiff, and all

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

other parties, and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

16. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---------|----------------|------|
| A. | Complaint | May 19, 2017 |
| B. | Civil Case Cover Sheet | May 19, 2017 |
| C. | Summons | May 19, 2017 |
| D. | Notice of Case Assignment | May 22, 2017 |
| E. | Answer of S&M | June 15, 2017 |
| F. | Cross-Complaint of S&M | June 15, 2017 |
| G. | Summons for S&M Cross-Complaint | June 15, 2017 |
| H. | Proof of Service of Complaint as to S&M | June 19, 2017 |
| I. | Proof of Service of Complaint as to Chipman | June 19, 2017 |
| J. | Proof of Service of Complaint as to Airways | June 19, 2017 |
| K. | Proof of Service of S&M Cross-Complaint | June 21, 2017 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

WHEREFORE, Chipman respectfully requests that the above-captioned action pending before the Superior Court of the State of California in and for the County of San Diego be removed to the United States District Court for the Southern District of California.

DATED: June 23, 2017                    Respectfully submitted,

                                        LEWIS BRISBOIS BISGAARD & SMITH LLP


                                        By: _____/s/ Michael P. Fullam_____
                                              Heidi S. Inman
                                              Michael P. Fullam
                                              Attorneys for CHIPMAN RELOCATION
                                              AND LOGISTICS

# EXHIBIT "A"

# EXHIBIT "A"

1 | JOSHUA A. SOUTHWICK (246296)
2 | GIBSON ROBB & LINDH LLP
   | 201 Mission Street, Suite 2700
   | San Francisco, California 94105
3 | Telephone: (415) 348-6000
   | Facsimile: (415) 348-6001
4 | Email: jsouthwick@gibsonrobb.com

5 | Attorney for Plaintiff
   | SONY BIOTECHNOLOGY, INC.

ELECTRONICALLY FILED
Superior Court of California,.
County of San Diego
**05/19/2017** at 01:54:17 PM
Clerk of the Superior Court
By Laura Melles, Deputy Clerk

8 | THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN DIEGO

10 | (UNLIMITED JURISDICTION)

| | |
|---|---|
| SONY BIOTECHNOLOGY, INC., | Case No. 37-2017-00018312-CU-PO-CTL |
| Plaintiff, | **COMPLAINT** |
| v. | (Amount exceeds $25,000) |
| CHIPMAN RELOCATION and LOGISTICS, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS, and AIRWAYS FREIGHT CORPORATION and DOES 1-20, | |
| Defendants. | |

///
///
///
///
///
///
///

1    Plaintiff's complaint follows:

2       1.    SONY BIOTECHNOLOGY, INC. ("SONY") is now and at all times herein

3    material was the owner of a certain cargo as more specifically set forth below.

4       2.    Plaintiff is informed and believes, and on the basis of that information and belief

5    alleges, that defendants CHIPMAN RELOCATION and LOGISTICS, TORRANCE VAN &

6    STORAGE COMPANY dba S&M MOVING SYSTEMS ("S&M MOVING"), and AIRWAYS

7    FREIGHT CORPORATION, and Does 1 through 20, inclusive, are now and at all times herein

8    material were engaged in business as common carriers, household goods carriers, bailees, freight

9    forwarders, and/or warehousemen in the County of San Diego in the State of California.

10      3.    The true names of defendants sued herein as DOES ONE through TWENTY, each

11   of whom is or may be responsible for the events and matters herein referred to, and each of

12   whom caused or may have caused or contributed to the damage herein complained of, are

13   unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will

14   amend its complaint to show the true names of said defendants when the same have been

15   ascertained.

16      4.    Plaintiff is informed and believes, and on the basis of such information and belief

17   alleges, that on or about May 18, 2016, defendant S&M MOVING and Does 1 through 5 and

18   each of them, agreed with SONY to transport a certain cargo consisting of a spectral analyzer

19   (the "SA") from Seattle, Washington to San Diego, California.  Defendants, and/or their agents,

20   picked up the cargo in good order and condition at Seattle, for carriage to San Diego, California.

21   The carriage, handling, storage, and delivery of the SA was effected in part by defendants

22   CHIPMAN RELOCATION AND  LOGISTICS ("CHIPMAN"), and AIRWAYS FREIGHT

23   CORPORATION ("AIRWAYS").  On information and belief, AIRWAYS carried the cargo from

24   Washington to California, and CHIPMAN effected the local delivery at the University of

25   California, San Diego.

26      5.    Defendants received the cargo in good order and condition in Seattle, but

27   delivered it severely damaged at UCSD.  As a result of the damage, the SA had to be repaired,

28   and plaintiff suffered damages in the amount of $125,716.00, or in an amount to be prove at trial.

# FIRST CAUSE OF ACTION

## Carmack Liability

### (All Defendants)

6.     Plaintiff reincorporates the allegations set forth in paragraphs 1-5 above.

7.     Plaintiff is informed and believes that S&M contracted to have the SA transported from Washington to Seattle by motor truck. To the extent S&M agreed to provide interstate motor-truck carriage, or if such carriage in fact occurred, then plaintiff seeks relief from defendants pursuant to the Carmack Amendment, 49 U.S.C. section 14706.

8.     Defendants, and each of them, acted as receiving carriers and/or delivering carriers as defined by Title 49 of the United State Code with respect to the SA. They and their agents received the SA in good order and condition, and carried it by truck to California, where they delivered it damaged at UCSD. As a result of the damage to SA, plaintiff suffered losses as set forth elsewhere herein.

# SECOND CAUSE OF ACTION

## Breach of Contract of Carriage

### (TORRANCE VAN & STORAGE COMPANY dba

### S&M MOVING SYSTEMS and Does 11-15 )

9.     Plaintiff reincorporates the allegations set forth in paragraphs 1-5 above.

10.    Plaintiff pleads this cause of action in the alternative in the event that the Court holds that Carmack does not apply to defendant S&M MOVING.

11.    Plaintiff hired S&M MOVING to carry the SA from Seattle, Washington, to San Diego, California. Plaintiff further contracted for "white glove" service, which required S&M MOVING, among other things, to deliver the cargo to the designated consignee, to move the cargo to a designated location at the consignee's facility, and to uncrate the cargo at the designated location. This contract was memorialized, in part, by an invoice S&M MOVING issued to plaintiff, which is attached as **EXHIBIT A**.

12.    In breach of this agreement, S&M MOVING and its agents failed to deliver the cargo in good order and condition, and failed to provide the white glove service as agreed. As a

1  result of these failures, plaintiff suffered damages as set forth elsewhere herein.

2  ## THIRD CAUSE OF ACTION

3  ## BAILMENT

4  (As to all Defendants)

5  13.  Plaintiff reincorporates the allegations set forth in paragraphs 1-5 above. This
6  cause of action is also plead in the alternative, and will be pursued against any defendant to
7  whom the Carmack Amendment is held not to apply.

8  14.  All times material herein, defendants, and each of them, acted as bailees with
9  respect to the SA cargo. In exchange for good and valuable consideration, they accepted deposit
10  of the SA into their custody and control. As bailees, they owed plaintiff, as owner of the cargo, a
11  duty of care with respect to the SA.

12  15.  Defendants, and each of them, received the SA in good order and condition.
13  Thereafter, in breach of their duties to plaintiff, they did not re-deliver the SA in same good order
14  and condition as when received. To the contrary, they re-delivered the SA in severely damaged
15  condition. As a result of these failures, plaintiff suffered damages as set forth elsewhere herein.

16  ## FOURTH CAUSE OF ACTION

17  ## NEGLIGENCE

18  (As to all Defendants)

19  16.  Plaintiff reincorporates the allegations set forth in paragraphs 1-5 above. This
20  cause of action is also plead in the alternative, and will be pursued against any defendant to
21  whom the Carmack Amendment is held not to apply.

22  17.  Defendants, and each of them, owed plaintiff duties of reasonable care with
23  respect to the brokering, handling, storage, carriage, delivery, and transhipment of the SA cargo..

24  18.  Among other breaches, defendants breached these duties of care by mishandling
25  and damaging the SA cargo prior to delivery to plaintiff's designated consignee.

26  19.  As a result of the aforesaid breaches, and others to be determined through
27  discovery and trial, plaintiff suffered damages as set forth elsewhere herein.

28  ///

FIFTH CAUSE OF ACTION

## FIFTH CAUSE OF ACTION

### UNLAWFUL BROKERAGE – 49 U.S.C. 14916(c)(2)

(As to Defendant S&M MOVING and Does 6-10)

20.     Plaintiff reincorporates the allegations set forth in paragraphs 1-5 above.

21.     Plaintiff contracted with defendant S&M MOVING to carry the SA cargo from Seattle to San Diego. On information and belief, plaintiff alleges that S&M sub-contracted the carriage of the cargo to other entities, including co-defendants AIRWAYS FREIGHT and CHIPMAN RELOCATION.

22.     At all times material herein, S&M MOVING, and DOES SIX through DOE TEN were not licensed as property brokers with the Federal Motor Carrier Safety Administration as required by 49 U.S.C. section 13904 *et seq.* Nor had said defendants satisfied the financial security requirements required by 49 U.S.C. section 13906. To the contrary, S&M MOVING was licensed as a motor carrier under DOT number 533108 and MC number 129515.

23.     By sub-contracting the carriage of the cargo, S&M and DOES SIX through DOE TEN engaged in illegal brokerage activities as defined by Title 49 of the U.S.C. At no time prior to the loss or damage herein did said defendants specify to plaintiff or the consignee under what authority they were providing services with respect to the cargo shipment, in violation of 49 U.S.C. section 13901(c).

24.     WHEREFORE, plaintiff prays that this Court enter judgment in its favor and against the defendants; that this Court decree payment by defendants to plaintiff in the amount of $125,716.00, or some other amount to be proven at trial, together with prejudgment interest thereon and costs of suit herein; and that plaintiff have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted,

Dated: May 19, 2017                    GIBSON ROBB & LINDH LLP

Joshua A. Southwick
Attorney for Plaintiff
SONY BIOTECHNOLOGY, INC.

# EXHIBIT A



## S&M Moving Systems U0615
48551 Warm Springs Blvd
Fremont, CA 94539
510-497-2300



Invoice Date: 6/23/2016
Invoice #: 17812
Order #: 615-41183-6
Customer #: SONYB401
PO #: SA3800 S/N 2000002

**Amount Due:**     **$2,433.64**

Due Date:     7/23/2016

After 7/23/2016 pay:     $2,470.14

Amount Paid: $ _____

SONY BIOTECHNOLOGY, I
Attn: NC. ACCOUNTSPAYABLE
1730 NORTH 1ST ST, 2
SAN JOSE, CA 95112

*Remit To:*

S&M Moving Systems
P.O. Box 98355 Section 8888
Phoenix, AZ 85038-0355
510-497-2300

- - - - - - - - - - - - - - - - - - - - - - - Please detach and return this portion with your payment. Thank you. - - - - - - - - - - - - - - - - - - - - -

*Remit To:*

Invoice Date: 6/23/2016
Invoice #: 17812
Order #: 615-41183-6
Customer #: SONYB401
PO #: SA3800 S/N 2000002

S&M Moving Systems U0615
48551 Warm Springs Blvd
Fremont, CA 94539
510-497-2300

S&M Moving Systems
P.O. Box 98355 Section 8888
Phoenix, AZ 85038-0355
510-497-2300

| Shipper: SONY BIOTECHNOLOGIES | Salesperson: Jack, Warren | Hauled Wt 611 | Miles: |
|---|---|---|---|
| From: SONY BIOTECHNOLOGY BOOTH #521/AAI 2016 % THE EXPO GROUP 800 CONVENTION PLACE, HALLS B-F SEATTLE, WA United States of America | To: 9420 ATHENA CIRCLE ROOM 2023 LA JOLLA, CA United States of America | Tariff: FRBF | |

| Item # | Description | Quantity | Quantity | Rate | Gross | Discount | Amount |
|---|---|---|---|---|---|---|---|
| | WASHINGTON STATE CONV CTR/ UCSD-LIAL | | | | | | |
| 120 | TRANSPORTATION | | | | | | $2,433.64 |

*Amount Due:*     $2,433.64

Due Date:     7/23/2016

After 7/23/2016 pay:     $2,470.14

*Thank you for your business and prompt payment!  A credit service charge of 1.5% is due if not paid within 30 days of the invoice date.*

# EXHIBIT "B"

# EXHIBIT "B"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JOSHUA A. SOUTHWICK (246296)<br>GIBSON ROBB & LINDH LLP<br>201 Mission Street, Suite 2700<br>San Francisco, CA 94105<br><br>TELEPHONE NO.: (415) 348-6000  FAX NO.: (415) 348-6001<br>ATTORNEY FOR *(Name):* Plaintiff: SONY BIOTECHNOLOGY, INC. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/19/2017** at 01:54:17 PM<br><br>Clerk of the Superior Court<br>By Laura Melles,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 W. Broadway
MAILING ADDRESS: San Diego, CA 92101
CITY AND ZIP CODE:
BRANCH NAME: Central Courthouse

CASE NAME: Sony Biotechnology, Inc. v. Chipman Relocation and Logistics, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2017-00018312-CU-PO-CTL |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge John S. Meyer<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 5

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 19, 2017

JOSHUA A. SOUTHWICK
_____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**  Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)* ·
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

# EXHIBIT "C"

# EXHIBIT "C"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** CHIPMAN RELOCATION and LOGISTICS,
*(AVISO AL DEMANDADO):* TORRANCE VAN & STORAGE COMPANY
dba S&M MOVING SYSTEMS, and AIRWAYS FREIGHT
CORPORATION and DOES 1-20,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/19/2017** at 01:54:17 PM

Clerk of the Superior Court
By Laura Melles,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** SONY BIOTECHNOLOGY,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* INC.,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court<br>220 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número de Caso):* 37-2017-00018312-CU-PO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOSHUA A. SOUTHWICK (246296)          (415) 348-6000  (415) 348-6001
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105

DATE: 05/22/2017              Clerk, by _*L. Melles*_____ , Deputy
*(Fecha)*                          *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: CHIPMAN RELOCATION and LOGISTICS

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* CCP § 415.95 (Business Organization, Form Unknown)

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT "D"

# EXHIBIT "D"

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7061 |

PLAINTIFF(S) / PETITIONER(S):     SONY BIOTECHNOLOGY INC

DEFENDANT(S) / RESPONDENT(S):   Chipman Relocation and Logistics et.al.

SONY BIOTECHNOLOGY INC VS. CHIPMAN RELOCATION AND LOGISTICS [IMAGED]

| **NOTICE OF CASE ASSIGNMENT** **and CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2017-00018312-CU-PO-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:   John S. Meyer                                                    Department: C-61

**COMPLAINT/PETITION FILED:** 05/19/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/17/2017 | 10:00 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# EXHIBIT "E"

# EXHIBIT "E"

1  Daniel K. Gaston, Esq., State Bar No. 113437
   **LARSON & GASTON, LLP**
2  200 South Los Robles Avenue, Suite 530
   Pasadena, California 91101
3  Telephone: (626) 795-6001
   Facsimile: (626) 795-0016
4  daniel.gaston@larsongaston.com

5  Attorneys for Defendant,
   TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/15/2017** at 04:01:00 PM

Clerk of the Superior Court
By Richard Day, Deputy Clerk

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              COUNTY OF SAN DIEGO (UNLIMITED JURISDICTION)

10

| | |
|---|---|
| 11  SONY BIOTECHNOLOGY, INC., | CASE NO. 37-2017-00018312-CU-PO-CTL<br>Honorable John S. Meyer |
| 12       Plaintiff, | Department C-61 |
| 13  v. | **DEFENDANT TORRANCE VAN &** |
| | **STORAGE COMPANY dba S&M** |
| 14  CHIPMAN RELOCATION and | **MOVING SYSTEMS' ANSWER TO** |
|      LOGISTICS, TORRANCE VAN & | **COMPLAINT; JURY DEMAND** |
| 15  STORAGE COMPANY dba S&M MOVING | |
|      SYSTEMS, and AIRWAYS FREIGHT | |
| 16  CORPORATION and DOES 1-20, | Complaint Filed:     May 19, 2017 |
| 17       Defendants. | |

18

19

20      COMES NOW, Defendant, TORRANCE VAN & STORAGE COMPANY dba S&M

21  MOVING SYSTEMS, and answering the Complaint of Plaintiff, SONY BIOTECHNOLOGY,

22  INC. (hereinafter "Plaintiff"), for itself alone and for no other Defendant, person, firm or entity,

23  hereby admits, denies and alleges as follows:

24      1.      Under the provisions of Section 431.30(d) of the California *Code of Civil*

25  *Procedure*, Defendant generally and specifically denies each, every and all allegations

26  contained in said Complaint and each purported cause of action generally and specifically of

27  said Complaint and the whole thereof, and further denies that Plaintiff has been damaged in

28  the sum alleged, or in any other sum whatsoever, or at all.

– 1 –

**FOR A FIRST SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Failure to State a Cause of Action)**

2.      Plaintiff's Complaint, or any purported cause of action alleged therein, fails to state facts sufficient to constitute any claim upon which relief can be granted against this answering Defendant.

**FOR A SECOND SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Statute of Limitations)**

3.      Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the statute of limitations, including, but not limited to, those contained in *Code of Civil Procedure* §§ 337, 337.1, 335.15, 338(4), 339, 340, *et seq.*

**FOR A THIRD SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Intervening/Superseding Causes)**

4.      Acts or omissions of others than this answering Defendant constitute intervening and/or superseding causes of the Plaintiff's injuries or damages, if any.

**FOR A FOURTH SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Waiver)**

5.      Every cause of action contained in the Complaint is barred by reason of the actions, omissions, representations and courses of conduct by Plaintiff which amounted to a waiver of each cause of action asserted by the Complaint.

///

**FOR A FIFTH SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Failure to Mitigate)**

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate damages.

**FOR A SIXTH SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Laches)**

7.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of laches.

**FOR A SEVENTH SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Comparative Negligence)**

8.      Defendants are informed and believe and upon such information and belief, allege that if Plaintiff was injured or damaged in the manner alleged, or otherwise, which Defendants deny, then Plaintiff was comparatively at fault, and such comparative fault proximately caused Plaintiff's injuries and damages, if any; accordingly, Plaintiff's damages should be reduced in proportion to Plaintiff's own fault.

**FOR AN EIGHTH SEPARATE AFFIRMATIVE DEFENSE**

**TO THE COMPLAINT AND TO EACH AND EVERY**

**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

**(Concurrent Tortfeasors)**

9.      If held liable, this answering Defendant was one of many concurrent tortfeasors, named or unnamed, so that the negligence, if any, of this answering Defendant is imputed to

1　and/or should be indemnified by, said named or unnamed tortfeasors along with a comparative

2　allocation of negligence among concurrent tortfeasors.

3　**FOR A NINTH SEPARATE AFFIRMATIVE DEFENSE**

4　**TO THE COMPLAINT AND TO EACH AND EVERY**

5　**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

6　**(Negligence of Third Parties)**

7　　10.　Plaintiff is barred from any recovery herein as to this answering Defendant, in

8　that any damage proven to have been sustained by Plaintiff herein, would be the direct and

9　proximate result of the independent negligence of independent third parties or their agent, and

10　not of any act or omissions on the part of this answering Defendant.

11　**FOR A TENTH SEPARATE AFFIRMATIVE DEFENSE**

12　**TO THE COMPLAINT AND TO EACH AND EVERY**

13　**CAUSE OF ACTION THEREIN, THIS DEFENDANT ALLEGES:**

14　**(Contribution)**

15　　11.　This answering Defendant alleges that the damages suffered by the Plaintiff, if

16　any, were the direct and proximate result of the negligence of parties, persons, corporations,

17　and/or entities other than this answering Defendant, and that the liability of this answering

18　Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable

19　to this answering Defendant.

20　///

21　///

22　///

23　///

24　///

25　///

26　///

27　///

28　///

– 4 –

1     **WHEREFORE,** this answering Defendant prays as follows:

2     1.     That Plaintiff takes nothing by its Complaint;

3     2.     That Defendant recovers its costs of suit herein;

4     3.     That Defendant recovers reasonable attorneys' fees incurred herein; and

5     4.     That the Court award such other and further relief as it deems just and proper.

6

7     Dated: June 15, 2017                 Respectfully submitted,

8                                   LARSON & GASTON, LLP

9

10                      By _____

11                           Daniel K. Gaston, Esq.,
                                      Attorneys for Defendants,

12                           TORRANCE VAN & STORAGE COMPANY
                                      dba S&M MOVING SYSTEMS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 5 –

## JURY DEMAND

Defendant, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS, hereby demands a jury trial on all causes of action that can be so heard by a jury.

Dated: June 15, 2017

Respectfully submitted,

LARSON & GASTON, LLP

By _____
Daniel K. Gaston, Esq.,
Attorneys for Defendants,
TORRANCE VAN & STORAGE COMPANY
dba S&M MOVING SYSTEMS

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 200 S. Los Robles Avenue, Suite 530, Pasadena, California 91101.

On June 15, 2017, I served the foregoing document: **DEFENDANT TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS' ANSWER TO COMPLAINT; JURY DEMAND** on all interested parties, by causing a true copy thereof to be mailed in a sealed envelope with postage thereon fully prepaid, to the address as follows:

Joshua A. Southwick, Esq.
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001
jsouthwick@gibsonrobb.com
Attorney for Plaintiff, SONY BIOTECHNOLGY, INC.

[X] **(BY MAIL)** I caused such envelope with postage thereon fully paid to be placed in the United States mail at Pasadena, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that the motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[ ] **(BY ELECTRONIC MAIL)** I caused such document(s) to be electronically served addressed to all parties appearing on the electronic service list for the above-entitled case.

[ ] **(BY OVERNIGHT MAIL)** I caused such documents to be overnight mailed to the party listed above.

[ ] **(BY FACSIMILE)** I faxed such documents to the party listed above.

[X] **(STATE)** I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2017, at Pasadena, California.

Debbie Blessing

– 1 –

# EXHIBIT "F"

# EXHIBIT "F"

Daniel K. Gaston, Esq., State Bar No. 113437
**LARSON & GASTON, LLP**
200 South Los Robles Avenue, Suite 530
Pasadena, California 91101
Telephone: (626) 795-6001
Facsimile: (626) 795-0016
daniel.gaston@larsongaston.com

Attorneys for Defendant,
TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/15/2017** at 04:01:00 PM
Clerk of the Superior Court
By Richard Day,Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO (UNLIMITED JURISDICTION)

| | |
|---|---|
| SONY BIOTECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHIPMAN RELOCATION and LOGISTICS, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS, and AIRWAYS FREIGHT CORPORATION and DOES 1-20, <br><br> Defendants. <br> ——————————————— <br> TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS, <br><br> Cross-Complainant, <br><br> v. <br><br> CHIPMAN RELOCATION and LOGISTICS, AIRWAYS FREIGHT CORPORATION and ROES 1-20 <br><br> Cross-Defendants. <br> ——————————————— | CASE NO. 37-2017-00018312-CU-PO-CTL <br> Honorable John S. Meyer <br> Department C-61 <br><br> **DEFENDANT, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS' CROSS-COMPLAINT FOR INDEMNITY, APPORTIONMENT OF FAULT, DECLARATORY RELIEF AND CONTRIBUTION** <br><br> Complaint Filed:   May 19, 2017 |

COMES NOW the Cross-Complainant, TORRANCE VAN & STORAGE COMPANY

dba S&M MOVING SYSTEMS, and for its causes of action allege against Cross-Defendants,

– 1 –

CHIPMAN RELOCATION and LOGISTICS, AIRWAYS FREIGHT CORPORATION and ROES 1-20, as follows:

### FIRST CAUSE OF ACTION: INDEMNITY

1.     Plaintiff herein has filed a Complaint against certain Defendants, including Cross-Complainant, seeking damages allegedly caused by others.

2.     Plaintiff alleges in its Complaint on file herein that Defendants and each of them acted negligently or are liable to Plaintiff because of some other fault.

3.     This Cross-Complainant denies each and every allegation that any negligent, willful, unlawful, or wrongful act or omission was caused by this Cross-Complainant and was allegedly suffered by the within Plaintiff.

4.     If any negligent or wrongful act or omission on the part of this Cross-Complainant is found to have occurred in connection with the circumstances of such incident or consequent damages, it was not the proximate or foreseeable cause of any purported damage to Plaintiff herein, or any other party.

5.     If contrary to Defendant, and Cross-Complainant's Answer to Complaint on file herein, they are, in fact, found liable, which liability again is expressly denied, then such liability is solely imposed  upon them by virtue of the active negligence, carelessness, recklessness, willfulness, unlawful conduct, and act or omission of the Cross-Defendants, CHIPMAN RELOCATION and LOGISTICS, AIRWAYS FREIGHT CORPORATION and ROES 1-20, and each of them, and by virtue of the same, Cross-Complainant is entitled to implied or equitable indemnity from Cross-Defendants collectively and individually.  By virtue of the foregoing, Cross-Defendants, collectively and individually, are obligated to indemnify and hold harmless Cross-Complainant for any judgment that may be rendered against them.

6.     Cross-Complainant has incurred expenses in defense of this action, including attorneys' fees, costs and expenses of preparation and investigation and will incur further expenses in this respect in a total amount as yet unascertained, such that Cross-Complainant is

-2-

1  entitled to recovery from Cross-Defendants, collectively and individually, for said fees and
2  expenses.

3      7.    That an actual controversy now exists between Cross-Complainant and Cross-
4  Defendants, and each of them, the nature of which is as follows:

5      8.    That Cross-Complainant asserts, that said Cross-Defendants were primarily and
6  actively negligent and/or at fault for any damages sustained by Plaintiff and Cross-Complainant
7  is liable, if at all, only by virtue of its passive and secondary negligence and/or fault and by
8  operation of law.

9      9.    Further, Cross-Complainant asserts, that Cross-Complainant is entitled to defense
10  and indemnity for any cost or judgments levied against it, including attorneys' fees by virtue of
11  the aforementioned cause of action from the Cross-Defendant, and each of them.

12          **SECOND CAUSE OF ACTION: APPORTIONMENT OF FAULT**

13      10.    Cross-Complainant incorporates paragraphs 1 through 9 of its First Cause of
14  Action as if set forth in full.

15      11.    This Cross-Complainant is informed and believes, and upon that information
16  and belief, alleges that if it should be found that this Cross-Complainant is in any manner
17  legally responsible for injury or damages, if any, sustained by Plaintiff, which supposition is not
18  admitted, but merely stated for the purpose of this defense, that any such injuries or damages
19  found to have been incurred or suffered by Plaintiff in this action were proximately
20  contributed to by other Defendants and Cross-Defendants in this case, whether served or not
21  served and/or by other persons or companies not parties to this action, and it is necessary that
22  the proportionate degree of negligence or fault of each of said other persons or companies,
23  whether made parties to this action or not, be determined and prorated, and that any judgment
24  that might be rendered against this Cross-Complainant be reduced not only by that degree of
25  negligence and/or assumption of risk found to exist as to Plaintiff, but also as to the total of that
26  degree of negligence and/or fault found to exist as to said other persons or companies.

27  ///
28  ///

-3-

**THIRD CAUSE OF ACTION: DECLARATORY RELIEF**

12. Cross-Complainant incorporates paragraphs 1 through 9 of its First Cause of Action as if set forth in full.

13. This Cross-Complainant is informed and believes, and upon that information and belief, alleges that the Court adjudicate the rights and liabilities of the parties and assess the proportionate share of fault as to all party Defendants, Cross-Defendants, as well as the proportionate share of fault of the Plaintiff, as well as the proportionate share of all persons who are not a party to this case pursuant to the mandates of "Proposition 51" known as the fair responsibility act of 1986, Section 1431 of the California *Civil Code*, et seq.

**FOURTH CAUSE OF ACTION: CONTRIBUTION**

14. Cross-Complainant incorporates paragraphs 1 through 9 of its First Cause of Action as if set forth in full.

15. Cross-Complainant is in no way negligent or responsible for the acts, injuries, or damages alleged in Plaintiff's Complaint. However, if as a result of the matters alleged in Plaintiff's Complaint, the Cross-Complainant is held liable for all or part of the claims asserted against it, the Cross-Defendants, and each of them, to the extent of their fault as determined by the Court, are obligated to reimburse and will be liable to the Cross-Complainant for all or any liability so assessed by way of contribution. Accordingly, Cross-Complainant asserts its rights to such contribution.

WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them as follows:

///
///
///
///
///
///
///

– 4 –

**FIRST, SECOND, THIRD and FOURTH CAUSES OF ACTION:**

1.  For indemnity against Cross-Defendants, and each of them, in the event any amounts are recoverable from Cross-Complainant;

2.  For costs of suit and court costs incurred herein;

3.  For all reasonable attorneys' fees; and

4.  For such other and further relief as the court may deem just and proper.

Dated: June 15, 2017

Respectfully submitted,

LARSON & GASTON, LLP

By _____
Daniel K. Gaston, Esq.,
Attorneys for Defendants,
TORRANCE VAN & STORAGE COMPANY
dba S&M MOVING SYSTEMS

– 5 –

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 200 S. Los Robles Avenue, Suite 530, Pasadena, California 91101.

On June 15, 2017, I served the foregoing document **DEFENDANT, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS' CROSS-COMPLAINT** on all interested parties, by causing a true copy thereof to be mailed in a sealed envelope with postage thereon fully prepaid, to the address as follows:

Joshua A. Southwick, Esq.
GIBSON ROBB & LINDH LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105
Telephone: (415) 348-6000
Facsimile: (415) 348-6001
jsouthwick@gibsonronbb.com
**Attorney for Plaintiff, SONY BIOTECHNOLGY, INC.**

[X]     **(BY MAIL)**     I caused such envelope with postage thereon fully paid to be placed in the United States mail at Pasadena, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that the motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[ ]     **(BY ELECTRONIC MAIL)**     I caused such document(s) to be electronically served addressed to all parties appearing on the electronic service list for the above-entitled case.

[ ]     **(BY OVERNIGHT MAIL)**     I caused such documents to be overnight mailed to the party listed above.

[ ]     **(BY FACSIMILE)**     I faxed such documents to the party listed above.

[X]     **(STATE)**     I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2017, at Pasadena, California.

Debbie Blessing

– 1 –

# EXHIBIT "G"

.

# EXHIBIT "G"

# SUMMONS
## Cross-Complaint
## *(CITATION JUDICIAL-CONTRADEMANDA)*

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*
CHIPMAN RELOCATION and LOGISTICS, AIRWAYS FREIGHT
CORPORATION and ROES 1-20
**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*
TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**06/15/2017** at 04:01:00 PM
Clerk of the Superior Court
By Richard Day, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court
220 W. Broadway
San Diego, CA 92101

SHORT NAME OF CASE *(from Complaint): (Nombre de Caso):*
Sony v. Chipman Relocation

CASE NUMBER: *(Número del Caso):*
37-2017-00018312-CU-PO-CTL

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):* Daniel K. Gaston, Esq.    Larson & Gaston, LLP
200 S. Los Robles Avenue, Suite 530    (626) 795-6001
Pasadena, CA 91101

DATE:    06/20/2017    Clerk, by _____ , Deputy
*(Fecha)*    *(Secretario)*    R. Day    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS - CROSS-COMPLAINT**

Code of Civil Procedure, §§ 412.20, 428.60, 465
www.courtinfo.ca.gov

EXHIBIT "H"

EXHIBIT "H"

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joshua A. Southwick, 246296<br>Gibson, Robb & Lindh<br>201 Mission Street, Suite 2700<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 348-6000 Ext 2332<br>ATTORNEY FOR *(Name)*: Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>06/19/2017 at 01:57:00 PM<br>Clerk of the Superior Court<br>By E-Filing, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Diego County
330 W. Broadway
San Diego, CA 92101-3409

| | |
|---|---|
| PLAINTIFF/PETITIONER: Sony Biotechnology, Inc.<br><br>DEFENDANT/RESPONDENT: Chipman Relocation and Logistics et al. | CASE NUMBER:<br>37-2017-00018312-CU-PO-CTL |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>5723.26 |

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Sheet, Stipulation to Alternative Dispute Resolution Process

3. a. Party served: TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

   b. Person Served: Daniel K. Gaston - Person Authorized to Accept Service of Process

4. Address where the party was served: 200 S LOS ROBLES AVE, Suite 530
   PASADENA, CA 91101

5. I served the party
   b. **by substituted service.** On (date): 05/25/2017     at (time): 3:10PM     I left the documents listed in item 2 with or
   in the presence of: Debbie Blessing - Legal Secretary - Person In Charge Of Office
   (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
   person to be served. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

   under:     CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:          Juan Juarez Medina
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 69.95
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.:
         (iii) County

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 05/26/2017

Juan Juarez Medina
(NAME OF PERSON WHO SERVED PAPERS)                                         (SIGNATURE)

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

OL# 11086573

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:
Joshua A. Southwick, 246296
Gibson, Robb & Lindh
201 Mission Street
San Francisco, CA 94105

TELEPHONE NO.: (415) 348-6000 Ext 2332

Ref. No. or File No.: 5723.26

ATTORNEY FOR *(Name)*: Plaintiff

Insert name of court, judicial district or branch court, if any:
Central
330 W. Broadway
San Diego, CA 92101-3409

PLAINTIFF:
Sony Biotechnology, Inc.

DEFENDANT:
Chipman Relocation and Logistics et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>37-2017-00018312-CU-PO-CTL |

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd., Suite 223 Novato, CA 94947.

On , after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Sheet, Stipulation to Alternative Dispute Resolution Process

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at , California, addressed as follows:

TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

Daniel K. Gaston

200 S LOS ROBLES AVE, Suite 530

PASADENA, CA 91101

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 69.95

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 05/26/2017 at Los Angeles, California.

One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

OL# 11086573

# EXHIBIT "I"

# EXHIBIT "I"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joshua A. Southwick, 246296<br><br>Gibson, Robb & Lindh<br><br>201 Mission Street, Suite 2700<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 348-6000 Ext 2332<br>ATTORNEY FOR *(Name)*: Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Diego County<br>330 W. Broadway<br>San Diego, CA 92101-3409 |

| PLAINTIFF/PETITIONER: Sony Biotechnology, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Chipman Relocation and Logistics et al. | 37-2017-00018312-CU-PO-CTL |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>5723.26 |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Sheet, Stipulation to Alternative Dispute Resolution Process

3. a. Party served: CHIPMAN RELOCATION and LOGISTICS

   b. Person Served: Tom Chipman - Person Authorized to Accept Service of Process

4. Address where the party was served: 1040 Marina Village Pkwy , Suite 100
   Alameda, CA 94501

5. I served the party
   b. **by substituted service.** On (date): 05/23/2017   at (time): 9:37AM   I left the documents listed in item 2 with or
   in the presence of:   Beverly Perkins - Supervisor - Person In Charge Of Office
   (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:
   CHIPMAN RELOCATION and LOGISTICS

   under:   Other: Business Organization Form Unknown

7. **Person who served papers**
   a. Name:        Granville Smith
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $  81.90
   e. I am:
      (3) registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No.
         (iii) County

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 05/31/2017

*Granvillesmith*

Granville Smith
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 11086575

# EXHIBIT "J"

# EXHIBIT "J"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua Southwick, 246296<br>Gibson, Robb & Lindh<br>201 Mission Street, Suite 2700<br>San Francisco, CA 94105<br>TELEPHONE NO.: (415) 348-6000 Ext 2332<br>ATTORNEY FOR (Name): | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**06/19/2017** at 01:57:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Diego County |
| 330 W. Broadway |
| San Diego, CA 92101-3409 |

| PLAINTIFF/PETITIONER: Sony Biotechnology, Inc. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Chipman Relocation and Logistics et al. | 37-2017-00018312-CU-PO-CTL |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>5723.26 |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons; Civil Case Cover Sheet; Complaint; Notice of Case Assignment & CMC; Notice of Eligibility to eFile and Assignment to Imaging Department; ADR Information

3. a. Party served:  AIRWAYS FREIGHT CORPORATION

   b. Person Served:  Kent Center, CEO - Person Authorized to Accept Service of Process
4. Address where the party was served:  3849 W. Wedington Drive

   Fayetteville, AR 72704
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 05/26/2017          (2) at  (time): 2:08PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

AIRWAYS FREIGHT CORPORATION
under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:        Debra Woodhouse
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947

   c. Telephone number:  415-491-0606
   d. The fee for service was: $ 169.95
   e I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date:  06/02/2017

| Debra Woodhouse | Debra Woodhouse |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 11086574 |
|---|---|---|

# EXHIBIT "K"

# EXHIBIT "K"

Daniel K. Gaston, Esq., State Bar No. 113437
**LARSON & GASTON, LLP**
200 South Los Robles Avenue, Suite 530
Pasadena, California 91101
Telephone: (626) 795-6001
Facsimile: (626) 795-0016
daniel.gaston@larsongaston.com

Attorneys for Defendant,
TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
06/21/2017 at 11:06:00 AM
Clerk of the Superior Court
By E-Filing Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO (UNLIMITED JURISDICTION)

| | |
|---|---|
| SONY BIOTECHNOLOGY, INC., | CASE NO. 37-2017-00018312-CU-PO-CTL |
| Plaintiff, | Honorable John S. Meyer<br>Department C-61 |
| v. | **ORIGINAL PROOF OF SERVICE RE ANSWER AND CROSS-COMPLAINT** |
| CHIPMAN RELOCATION and LOGISTICS, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS, and AIRWAYS FREIGHT CORPORATION and DOES 1-20, | Complaint Filed:     May 19, 2017 |
| Defendants. | |
| TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS, | |
| Cross-Complainant, | |
| v. | |
| CHIPMAN RELOCATION and LOGISTICS, AIRWAYS FREIGHT CORPORATION and ROES 1-20 | |
| Cross-Defendants. | |

///

///

– 1 –

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 200 S. Los Robles Avenue, Suite 530, Pasadena, California 91101.

On June 21, 2017, I served the foregoing documents:

1. **DEFENDANT TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS' ANSWER TO COMPLAINT; JURY DEMAND; and**

2. **DEFENDANT, TORRANCE VAN & STORAGE COMPANY dba S&M MOVING SYSTEMS' CROSS-COMPLAINT FOR INDEMNITY, APPORTIONMENT OF FAULT, DECLARATORY RELIEF AND CONTRIBUTION**

on all interested parties, by causing a true copy thereof to be mailed in a sealed envelope with postage thereon fully prepaid, to the address as follows:

### SEE ATTACHED SERVICE LIST

[X] **(BY MAIL)** I caused such envelope with postage thereon fully paid to be placed in the United States mail at Pasadena, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that the motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[ ] **(BY ELECTRONIC MAIL)** I caused such document(s) to be electronically served addressed to all parties appearing on the electronic service list for the above-entitled case.

[ ] **(BY OVERNIGHT MAIL)** I caused such documents to be overnight mailed to the party listed above.

[ ] **(BY FACSIMILE)** I faxed such documents to the party listed above.

[X] **(STATE)** I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on June 21, 2017, at Pasadena, California.

_Debbie Blessing_
Debbie Blessing

– 1 –

**PROOF OF SERVICE**

1
2

**SERVICE LIST**
Case No. 37-2017-00018312-CU-PO-CTL

3
4
5

Tom Chipman
Chipman Relocation and Logistics
1040 Marina Village Parkway, Suite 100
Alameda, CA 94501
**Defendant/Cross-Defendant, CHIPMAN RELOCATION AND LOGISTICS**

6
7
8
9
10

Denny Wood
3849 Wedington Drive
P.O. Box 1888
Fayetteville, AR 72702
**Agent for Service for Defendant/Cross-Defendant,
AIRWAYS FREIGHT CORPORATION**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

– 2 –

**PROOF OF SERVICE**