UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY BIOTECHNOLOGY, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CHIPMAN LOGISTICS AND RELOCATION, et al.,<br><br>        Defendants. | Case No.: 17-CV-1292-AJB-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND SETTING AN OSC RE DISMISSAL**<br><br>(Doc. No. 9) |

Presently before the Court is Defendant Chipman Logistics and Relocation's ("Chipman") motion to dismiss Plaintiff Sony Biotechnology's ("Sony") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 9.) Sony opposes the motion. (Doc. No. 12.) Having reviewed the parties' arguments in light of controlling authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision without oral argument. Accordingly, the Court instructs the Clerk to **VACATE** the hearing date currently set for October 5, 2017. For the reasons set forth below, the Court **GRANTS** the motion.

## BACKGROUND

This dispute centers on damage to cargo that Chipman transported for Sony. Specifically, Sony agreed with Defendant S&M Moving ("S&M Moving") for S&M

Moving to transport a spectral analyzer ("analyzer") from Seattle, Washington to San Diego, California. (Doc. No. 1 at 9 ¶ 4.)[1] The analyzer was in good order and condition when Defendants picked it up in Seattle for carriage to San Diego. (*Id.*) Sony believes that Defendant Airways Freight Corp. ("Airways") carried the analyzer from Washington to California, and Chipmen effected local delivery at the University of California, San Diego ("UCSD"). (*Id.*) When the analyzer was delivered at UCSD, it was severely damaged. (*Id.* ¶ 5.) As a result of the damage, Sony had to repair the analyzer, which cost approximately $125,716.00. (*Id.*)

On May 19, 2017, Sony instituted this lawsuit in San Diego Superior Court against Chipman, Airways, and S&M Moving (collectively, "Defendants") by filing the operative complaint, alleging causes of action for Carmack liability pursuant to 49 U.S.C. § 14706, breach of contract of carriage, bailment, negligence, and unlawful brokerage pursuant to 49 U.S.C. § 14916(c)(2). (Doc. No. 1 at 2 ¶¶ 1–2.) Chipman removed the action to this Court on June 23, 2017, on the basis of federal question jurisdiction. (*Id.* ¶ 4.) On June 30, 2017, Airways answered the complaint and filed a cross claim against Chipman and S&M Moving. (Doc. Nos. 5, 6.) Chipman filed the instant motion to dismiss on July 14, 2017. (Doc. No. 9.) Sony filed an opposition, Chipman filed a reply, and with the Court's permission, Sony filed a sur-reply. (Doc. Nos. 12, 15, 18.) This order follows.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

[1] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of each page.

[2] All references to "Rule" are to the Federal Rules of Civil Procedure.

U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

Only three of Sony's five causes of action are alleged against Chipman: Carmack liability, bailment, and negligence. (*See* Doc. No. 1 at 10–12.) Chipman seeks to dismiss the two state law claims. (*See* Doc. No. 9-1 at 8.) Its argument is straightforward: the federal Carmack Amendment to the Interstate Commerce Act preempts state law claims in the area of interstate transport; accordingly, Sony's state law claims must be dismissed. (*Id.* at 4–8.)[3] In its opposition, Sony does not dispute that if the Carmack Amendment applies, its

---

[3] In its reply, Chipman argues, for the first time, that 49 U.S.C. § 14501 also preempts "all claims except for breach of contract claims, brought by shippers and consignees against motor carriers, brokers, or freight forwarders." (Doc. No. 15 at 5–6.) Because this argument

3

17-CV-1292-AJB-WVG

bailment and negligence claims are preempted. (Doc. No. 12 at 4.) Rather, Sony asserts it is unknown whether the analyzer was carried from Washington to California by truck or by air. (*Id.*) If the former, Carmack controls, and Sony's state law claims will be dismissed. (*Id.* at 4–5.) If the latter, Carmack does not apply, and the state law claims are not subject to dismissal as preempted. (*Id.*) Accordingly, Sony asserts it properly pled alternative theories to ensure it did not waive any potential claims. (*Id.* at 5–7.)

Congress enacted the Carmack Amendment in 1906 as a response to the varying and diverse state laws addressing liability to shippers for carriers who transported goods across state lines. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913). The scheme of the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation[.]" *Ga., Fla., & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916).

The Carmack Amendment imposes strict liability for "actual loss or injury to property." 49 U.S.C. § 14706(a). Carmack liability applies "to the extent that passengers, property, or both, are transported by motor carrier—between a place in—a State and a place in another State[,]" 49 U.S.C. § 13501(1)(A), and only to the interstate transport of cargo by "carriers" and "freight forwarders," *id.* § 14706(a).

Here, there is no dispute that Chipman is a carrier and/or freight forwarder within the meaning of the Carmack Amendment. The heart of the contention lies in the manner of interstate transfer. At this juncture, it is unknown whether the analyzer was transported from Washington to California via air or motor carriage. (Doc. No. 12 at 4.) It is probable that once the analyzer reached San Diego, Chipman effected local delivery via motor carriage to UCSD. According to Sony, if it is discovered that Airways transported the

---

was not raised in its motion to dismiss, the argument is waived. *Architectureart, LLC v. City of San Diego*, No. 15-cv-1592-BAS-NLS, 2016 WL 1077124, at 3 *3 (S.D. Cal. Mar. 18, 2016); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (finding district court did not commit clear error in failing to consider arguments raised for the first time on reply because it "need not consider arguments raised for the first time in a reply brief").

analyzer interstate by air, the intrastate use of motor carriage to get the analyzer to its ultimate destination does not fall within the ambit of the Carmack Amendment. (*Id.* at 4–5.)

Chipman disagrees. According to Chipman, whether a truck shipment is properly characterized as interstate or intrastate depends not on where the shipment takes place, but rather on "the intent the parties formed prior to shipment." (Doc. No. 15 at 3.) Because Sony alleges in its complaint that "the contract was plainly intended to be an interstate transaction," the entire shipment must be considered interstate for purposes of the Carmack Amendment. (*Id.*)

The Court agrees with Chipman. "It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property" and thus completely preempts such claims. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007). Whether transportation is interstate or intrastate under the Interstate Commerce Act "is determined by the essential character of the commerce, manifested by the shipper's fixed and persisting transportation intent at the time of the shipment, and is ascertained from all of the facts and circumstances surrounding the transportation." *S. Pac. Transp. Co. v. I.C.C.*, 565 F.2d 615, 617 (9th Cir. 1977). "Neither continuity of interstate movement nor isolated segments of the trip can be decisive" in determining whether a transaction falls within the ambit of the Interstate Commerce Act. *N.Y., N.H. & Hartford Ry. Co. v. Nothnagle*, 346 U.S. 128, 130 (1953). Accordingly, "the Carmack Amendment applies to the inland leg of a shipment even if that leg is fully intrastate." *Chubb Grp. of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068 n.3 (C.D. Cal. 2002) (citing *Project Hope v. M/V IBN Sina*, 250 F.3d 67, 70–71, 73 (2d Cir. 2001)); *see also Travelers Indem. Co. of Conn. v. Colma Drayage, Inc.*, No. 09-3118 SC, 2010 WL 934076, at *2 n.1 (N.D. Cal. Mar. 15, 2010) (same).

Taking the allegations of the complaint as true, on May 18, 2016, Sony entered into an agreement with Defendants to transport the analyzer from Seattle, Washington to San Diego, California. (Doc. No. 1 at 9 ¶ 4.) Sony believes Airways carried the analyzer from

Washington to California, and Chipman delivered it from there to its final destination at UCSD. (*Id.*) For purposes of the instant inquiry, it matters not whether the analyzer was transported interstate by air or truck. That the analyzer was transported interstate at all renders the entire shipment subject to the Carmack Amendment, even if the transportation by truck occurred "fully intrastate." *Chubb Grp. of Ins. Cos.*, 243 F. Supp. 2d at 1068 n.3. In other words, "that a segment of the transportation performed by Defendant[] was intrastate does not alter the essential interstate character of the contract." *Smallwood v. Allied Pickfords, LLC*, No. 08cv2196 BTM (RBB), 2009 WL 3247180, at *8 (S.D. Cal. Sept. 29, 2009). Accordingly, to the extent Sony seeks relief for the damage to the analyzer that occurred during transportation, the Carmack Amendment governs. The Court therefore **GRANTS** Chipman's motion and **DISMISSES** the state law claims of bailment and negligence as alleged against Chipman. Because there are no facts Sony can allege to take the claims outside the purview of the Carmack Amendment, the dismissal is **WITHOUT LEAVE TO AMEND**.

## Conclusion

Based on the foregoing, the Court **GRANTS** Chipman's motion to dismiss, (Doc. No. 9), and **DIMISSES** the bailment and negligence causes of action **WITHOUT LEAVE TO AMEND** as alleged against Chipman. Under the Court's analysis, the bailment and negligence causes of action also fail as to Defendant's Airways, and S&M Moving. Based thereon, the Court is issuing an Order to Show Cause why the bailment and negligence causes of action to Defendant's Airways, and S&M Moving should not be dismissed. The hearing in this matter is set for September 5, 2017 at 4:00 PM in Courtroom 4A.

**IT IS SO ORDERED.**

Dated: August 22, 2017

Hon. Anthony J. Battaglia
United States District Judge